BARKER-BOND LUMBER CO. INC. V. IRVING WHALEY, TRUS-
TEE IN BANKRUPTCY OF J. A. WILKINSON, BANKRUPT.

September 9, 1915.

1. BANKRUPTCY—*Exempt Property—Liability for Debts—Jurisdic-
tion of State and Federal Courts.*—Under the Federal Bank-
ruptcy Act, the bankruptcy court has no jurisdiction to de-
fend property which it has set aside to the bankrupt as exempt,
from adverse claims or liens that may or may not be ex-
tinguished by the bankruptcy proceedings, nor to order the sale
of the bankrupt's homestead. It will not entertain a proceed-
ing to enforce a lien on such property, nor has it jurisdic-
tion to determine the effect of waiver notes and the rights of
creditors holding such obligations. The decision of the rights
of creditors having claims against a bankrupt's exempt prop-
erty properly belongs to the tribunals of the State under the
laws of which they are claimed.

Error to a judgment of the Corporation Court of the city
of Britol in a garnishment proceeding. Judgment for the
defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Gilmer, Warren & Stant,* for the plaintiff in error.

*J. S. Ashworth* and *Peters & Lavinder,* for the defendant
in error.

WHITTLE, J., delivered the opinion of the court.

In a garnishment proceeding under Code, sec. 3609,
plaintiff in error (a judgment creditor of J. A. Wilkinson)

suggested that by reason of its writ of *fieri facias* there was liability on the defendant in error. To an order of the Corporation Court of the city of Bristol denying jurisdiction and dismissing the garnishment this writ of error was awarded.

On April 4, 1914, the court in bankruptcy set apart to Wilkinson, bankrupt, his homestead exemption, including therein a note for $442.05 due from Snyder to Wilkinson. The note was not delivered by the trustee to Wilkinson, but, after it had been set apart as exempt the trustee, without authority, "by mistake or oversight," as he alleges, proceeded to collect it. The trustee admits that at the time of the service of the summons, February 9, 1915, the avails of the note were in his hands, but avers that subsequently by direction of the referee he paid the fund to an assignee of Wilkinson.

Upon these facts the narrow question for our determination is whether or not the State court had jurisdiction of the case. Section 70 of the bankruptcy act of 1898 declares that the trustee of the estate of a bankrupt, by operation of law, shall be vested with the title to his property, as of the date he is adjudged a bankrupt, "except in so far as it is the property which is exempt to all." Chapter II of the act deals with the creation of courts of bankruptcy and their jurisdiction. Section 2, clause (11), provides that such courts shall determine all claims of bankrupts to their exemption.

Loveland in his work on Bankruptcy, in commenting on this section and clause, observes: "The jurisdiction of the court of bankruptcy in regard to exempt property is limited to determining the claims and designating and setting apart such property. This may include determination of liens and claims of creditors in the property out of which the exemption is to come. To do this in order to set property aside, if exempt, and to exclude it from the assets of

the bankrupt estate, is not administering upon exempt property as though it were an asset of the estate." 1 Loveland on Bankruptcy (4th ed.), sec. 428, p. 888.

Again, at pp. 889-890, he says: "When property has been designated and set apart it does not pass to the trustees, nor is it subject to be administered by the court as a part of the bankrupt's estate. The trustee and the creditors have no further concern with it. The court has no jurisdiction to defend such property from adverse claims or liens that may or may not be extinguished by the bankruptcy proceedings nor to order the sale of a bankrupt's homestead. It will not entertain a proceeding to enforce a lien upon such property, nor has it jurisdiction to determine the effect of waiver notes and the rights of creditors holding such obligations. The decision of the rights of creditors having claims against a bankrupt's exempt property properly belongs to the tribunals of the State under the laws of which they are claimed."

The learned author's construction of the bankruptcy act is sustained by substantially the unbroken current of decision of the courts in bankruptcy throughout the United States and by the Supreme Court in the leading case of *Lockwood* v. *Exchange Bank*, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. See also Collier on Bankruptcy (10 ed.) 188, 189; *Newberry Shoe Co.* v. *Collier*, 111 Va. 288, 68 S. E. 974.

The authorities conclusively show that the State court had jurisdiction of the matter in controversy. The judgment of the trial court must, therefore, be reversed and the case remanded for further procedings.

*Reversed.*