Mr. Justice Westcott
delivered the opinion of the court.
Complainants in the court below are A. M. Sloan & Co., judgment creditors, of Elias Bauknight and Johnson, Crews & Co., creditors, without a judgment, of the firm of E. Bauknight & Son, such firm consisting of Elias Bauknight and his son, William E. Bauknight. Such partnership has been dissolved by the death of William B. Bauknight, the Sheriff, Louis A. Barnes, being his administrator and legal representative.
Complainants assail E. Bauknight as a fraudulent grantor. With him, as defendants, they join his alleged fraudulent grantees, among whom William E. Bauknight is alleged to be. These grantees claim distinct and several parcels of property under distinct and several deeds. No partnership assets arc alleged to exist. The prayer of the bill is for a sale of the property and payment of the debts.
This was the case as presented to the chancellor upon the hearing, and it must be treated in this respect here.
It is objected that the bill is multifarious, and that it should have been dismissed at the hearing. The general rule is that a defendant must object to the bill upon this ground by demurrer, and that such an objection will ’not be admitted at the hearing. (5 Madd., 122; 1 Russ., 293; 2 Sch. & Lef., 370-371; 4 Hare, 32.) A defendant, confident of his case, may not thus object, and yet a bill may be so eminently and extremely multifarious that the court will, sua spontc, take notice of such defect, and dispose of .the ease upon this ground. Courts of equity should so act as to preserve at least some analogy to the simple pleadings of the common law in their proceedings, and where the case as stated must lead to confusion in pleadings and decrees, to unnecessary costs, to a confounding of proofs, and to unusual delays, the chancellor should not hesitate to dismiss the bill, saving the rights of all parties to the extent that justice requires. Story Eq. Pldg., 271; 1 Mylne & K., 559; 15 Fla., 682.
The first objection which here suggests itself is that several grantees, claiming different portions of the property of a- fraudulent grantor, are made defendants with the fraudulent grantor. A bill for this reason is not multifarious. As against the creditor the deeds for this property, whether there be one or many, or whether there be one grantee- or many, are void. The entire property is treated in a court of equity as the property of the debtor. The object sought to be Attained is single, the subjection of the debtor’s property to the payment of his debt. The leading case upon this question in the United States is the case of Fellows vs. Fellows, 4 Cowen, 682; see also 3 McLean, 420; 4 John. Chy., 671; 5 Paige, 651; 23 Wis., 491; 45 N. H., 511; 11 Ala., 437; 30 Miss., 472; 9 Minn., 183; 16 N. J. Eq., 213-313; 42 Mrld., 426; Story’s Eq. Pldg., §§285, 286.
This, however, is not the only objection to the construction of this suit. The plaintiffs are each creditors of E. Bauknight. One is his general creditor, the other is his creditor as surviving partner of the partnership of Bauknight & Son. One of the plaintiffs, Sloan & Co., is no creditor of the defendant, William E. Bauknight, They (S. & Co.) attack him and real estate claimed by him as a fraudulent grantee of E. Bauknight. The other plaintiff, Johnson, Crews & Co., §ue the administrator of the deceased partner, W. E. Bauknight, and the surviving partner, E. Baulmight. The relief prayed is a sale of the property, and payment'of* the debts of each plaintiff.
There being no partnership assets, the remedy of Johnson, Crews & Co., as against the surviving partner, is an action at law, and as against the deceased partner, is a bill in equity for an account and decree for the sum to be found due. 3 Fla., 72; Story on Partnership, §§361, 362; Bump on Fraudulent Conveyances, 528, and cases there cited.
The defendants are different and distinct, and the claims of the plaintiffs as against the defendants are different and distinct. One is a separate creditor of E. Bauknight, the other is a joint creditor of E. Baulmight as surviving partner, and no joint effects being alleged to exist, his exclusive remedy is, as stated, an action at law against him. There is no equitable cognizance of this claim. (Story on Part., 361, 362.) It is thus apparent as to defendant E. Bauknight that not only are distinct and separate claims set up in the bill, but that there is a joinder of legal and equitable causes of action, such causes of action being also entirely different and distinct claims by different and distinct plaintiffs.
The claims* of the plaintiffs as against William E. Bauk-night, or rather as against his legal representative, his administrator, are not only distinct and different, but are in conflict.
Sloan & Co., as judgment creditors of E. Baulmight, assail the property in the hands of the legal representative of William E. Baulmight as the property of E. Bauknight, subject to their claim. They allege that William E. Bauk-night was the fraudulent grantee of E. Baulmight.
Johnson, Crews & Co., as a creditor having no judgment, assail the property as the property of William E. Bauk-night, deceased partner of the firm of Bauknight & Son. The conflict is manifest. As against the legal representative of the deceased partner, the partnership creditor has an equity for an account and decree. (3 Fla., 72.) In this view the effect of the order dismissing the bill generally as to Johnson, Crews & Co. may be a question of some importance to them. In this bill a separate creditor of a surviving partner sues the administrator of the deceased partner and the surviving partner and his alleged fraudulent grantees, a joint creditor of the surviving partner sues the surviving partner, his fraudulent grantees, and the legal representative of the deceased partner.
• Such a case being presented at the hearing, the chancellor should have dismissed the bill without prejudice to the rights of the parties. •
We have here a joinder of equitable and legal causes of action supplemented by different claims against the same defendant by different plaintiffs, and. also'different and distinct demands by different plaintiffs against different defendants, there being no common interest centering in the point in issue in the cause. There is here a misjoinder of ‘ causes of action, misjoinder of parties, and a union of distinct demands, of which the court .should have taken notice at the hearing.
Thr decree is reversed, with directions to remand the case for a disposition in conformity to the views expressed in the opinion herein rendered; the costs in this co'urt and in the Circuit Court to be taxed against the plaintiffs in equal proportions.