# CHARLESTON.

GOFF *v.* McBEE *et al.*

Submitted June 17, 1899—Decided November 28, 1899.

47  153
47  788
47  153
54  476

DEMURRER—*Time to Answer—Answer Filed—Reference.*

> If the court overrules a demurrer to a bill, and gives the defendant a certain time in which to answer the bill, it can not properly order a reference of the cause to a commissioner to ascertain the amount of the plaintiff's demand till the time has elapsed which was given the defendant to answer; nor can it then order such reference, if the answer is filed, and denies all the facts on which the plaintiff's claim is based. If such answer be filed, no such reference can properly be made till the plaintiff, by evidence, has proven that he has a demand against the defendant. *Neely* v. *Jones*, 16 W. Va. 625. (p. 154).

Appeal from Circuit Court, Ritchie County.

Bill by E. C. Goff against John A. McBee and others. Decree for plaintiff, and defendant McBee appeals.

H. C. SHOWALTER, for appellant.

ROBINSON & PIERPOINT and J. WILLIS FIDLER, for appellee.

ENGLISH, JUDGE:

E. C. Goff, who sued on behalf of himself and all other lien creditors of John A. McBee, filed his bill in equity in the circuit court of Ritchie County on the first Monday in January, 1897, against John A. McBee and others. On the 27th of February, 1897, the cause was heard upon the bill, the answer of the guardian ad litem, with general replication thereto, and upon the demurrer of McBee to said bill, in which the plaintiff joined, which demurrer was overruled, and leave was given said defendant McBee to file his answer therein within thirty days from the date of the decree. On the same day the cause was referred to a commissioner to ascertain the real estate owned by the defendant; the character of same; what interest or estate he has

in the real estate described in Exhibit No. 1 with the bill of complaint; what liens exist against said McBee's real estate, or his interest or estate therein, together with their priority; the rental value of same; and whether such value will in five years pay off and discharge the liens existing against the same. On the 26th of March, 1897, it appears, said defendant lodged among the papers of the cause his answer to plaintiff's bill, which answer was tendered in open court on the 23d of June, 1897, and was ordered to be filed; and on the same day the cause was heard upon the bill, exhibits, and the answers of John A. McBee and of the infant defendants, by their guardian ad litem, and the general replication thereto. Upon the report of the master commissioner filed therein, with the exceptions endorsed thereon by the defendant McBee, which exceptions were overruled, the court decreed that unless the defendant McBee, or some one for him, paid the liens ascertained by said commissioner to exist against said real estate, a commissioner therein named should advertise and sell said one hundred and nineteen acres of land in the manner and upon the terms therein prescribed. From this decree John A. McBee appealed.

This case is in many respects similar to the case of *Neely* v. *Jones*, 16 W. Va. 626, in which it is held (point 7 of the syllabus) that: "If the court overrules a demurrer to a bill, and gives the defendant a certain time in which to answer the bill, it cannot properly order a reference of the cause to a commissioner to ascertain the amount of the plaintiff's demand till the time has elapsed which was given the defendant to answer; nor can it then order such reference, if the answer is filed, and denies all the facts on which the plaintiff's claim is based. If such answer be filed, no such reference can properly be made till the plaintiff, by evidence, has proven that he has a demand against the defendant." In the case at bar the reference to a commissioner was made in the same decree that overruled the demurrer and gave the defendant thirty days in which to answer. The defendant in his answer denied every material allegation contained in the bill, and yet on the same day the answer was filed the court directed a sale of the land. Under the ruling of this court in the case of *Neely*

v. *Jones, supra,* the decree complained of must be reversed and the cause remanded to the circuit court for further proceedings to be had therein.

*Reversed.*