# CHARLESTON.

BILLINGSLEA v. MANEAR *et al.*

Submitted January 30, 1900.—Decided April 7, 1900.

1. BILL—*Demurrer—Rule to Answer.*
    When a demurrer to an original or amended bill is overruled, the defendant is entitled to a rule to answer the bill, which need not be served.    (p. 786).

2. BILL—*Demurrer—Day to Answer.*
    Where a demurrer to a bill in equity is overruled, and no day is given the defendant in which to answer, the court cannot properly order a reference of the cause to a commissioner to ascertain the amount of the plaintiff's demand, where the object of the bill to subject land to sale is to ascertain the liens thereon and their priorities.    (p. 787).

Appeal from Circuit Court, Marion County.

Bill by Morgan Billingsley against A. R. Manear and others. Decree for plaintiff, and defendant, Fanny Manear appeals.

*Reversed.*

HAYMOND, BUTCHER & HARTLEY, for appellant.

W. S. MERIDITH, for appellee.

ENGLISH, JUDGE:

This is the second time this cause has been brought before this Court for consideration. On the 9th of April, 1898, the demurrer interposed to the plaintiff's bill was sustained in part, and the cause remanded to the circuit court, with leave to amend. After the mandate had been entered in the circuit court, the cause was remanded to rules, with leave to file an amended bill therein, which was accordingly done. On the 8th of December, 1898, the defendant, Fanny Manear, filed her demurrer to the plaintiff's second amended bill filed at the October rules, 1898, in which demurrer the plaintiff joined; and the demurrer, after argument by counsel and consideration by the court, was overruled, and, without giving the defendants a rule to answer, or specifying a day in the order on which the defendants might appear and answer, the court referred the cause to a commissioner in chancery to ascertain what real estate was owned by Fanny Manear, where situate, and by what title held; all the liens and charges thereon, the orders of their priorities, and to whom owing; what improvements, if any, the defendant, A. R. Manear, has put or caused to be put on the real estate known as "Lot No. 19," situated in the town of Fairmont; how much, if any, such improvements have enhanced the value of said lot 19; what debts A. R. Manear owed before he made such improvements, to whom he owed the same, and when he contracted them. Now, the matters referred to the commissioner by this decree, would no doubt, be proper, if the allegations contained in this second amended bill were sustained by proof, or the bill taken for confessed, but by this decree no rule was given the defendants to plead, or day fixed on which they might answer, as required by section 30 of chapter 139 of the Code. That it was not the intention of the appellant, Fanny Manear, to allow this decree to go by default, is apparent from the fact that in her answers the original and amended bills filed by plaintiff she contests every claim therein asserted; yet, without giving the appellant a day in which to answer, the matters referred to said commissioner were ascertained and reported, the liens on said lot and their priorities ascertained,

the report confirmed, and a decree rendered directing the sale of said lot No. 19. The appellant claims that the court erred in referring said cause to a commissioner in chancery without giving petitioner a day to answer, after overruling her demurrer to the second amended bill. Counsel for the appellee relies on the ruling and the case of *Foley* v. *Ruley*, 43 W. Va. 513, (27 S. E. 268), which holds that: "When a demurrer to a bill is overruled, a time reasonable under the circumstances of the case must be given for answer; but, when a time is fixed, objection to its shortness must be made, else the point is waived. A mere order of reference, deciding nothing, may be made without such answer." In that case, however, a day was given the defendant in which to file his answer. Brannon, Judge, speaking for the Court, said: "The fourth point made against the decree is that the court overruled the demurrer on one day, and required the defendants to answer on the next. I should say this was an unreasonably short time, as a general thing, but the defendants did not ask longer time, and did not ask a continuance; and there is nothing in this point, because the decree entered at that term was only an order of reference, not a decree on the merits, decided nothing, and the defendants had until the next term to file their answers, and did then file them." This case is easily distinguished from the one at bar. In *Foley* v. *Ruley* a day was given the defendants in which to answer; here no time was fixed for such answer. The same decree which overruled the demurrer directed the account, the determination of which involved to a great extent the merits of the case; the main controversy being as to the liens on said lot 19, and their priority and the improvements put upon it by A. R. Manear, the proper ascertainment of which necessarily involved expense, some of which might have been avoided by a proper answer of the defendant. A number of decisions of this Court have established the rule of practice that a defendant is entitled to a day in which to answer when his demurrer to the bill is overruled. See *Hays* v. *Heatherly*, 36 W. Va. 613 (15 S. E. 223), where it is held that: "On overruling the demurrer in such a case, the court should not at once decree against the defendant as upon a bill taken

for confessed, but should award a rule to answer, which rule, however, need not be served." So, in *Neeley* v. *Jones*, 16 W. Va. 626, it is held: "If a court overrules a demurrer to a bill, and gives the defendant a certain time in which to answer the bill, it cannot properly order a reference of the cause to a commissioner to ascertain the amount of the plaintiff's demand till the time has elapsed which was given the defendant to answer; nor can it then order such reference if the answer is filed, and denies all the facts on which the plaintiff's claim is based. If such answer be filed, no such reference can properly be made till the plaintiff, by evidence, has proven that he has a demand against the defendant." See, also, *Pecks* v. *Chamber*, 8 W. Va. 210; *Nichols* v. *Nichols' Heirs*, *Id.* 175; *Park* v. *Petroleum Co.*, 25 W. Va. 109; and the recent case of *Goff* v. *McBee*, (not yet officially reported) 34 S. E. 745, which holds that: "If the court overrules a demurrer to a bill, and gives the defendant a certain time in which to answer the bill, it cannot properly order a reference of the case to a commissioner to ascertain the amount of the plaintiff's demand till the time has elapsed which was given the defendant to answer; nor can it then order such reference if the answer is filed, and denies all the facts in which the plaintiff's claim is based. If such answer be filed, no such reference can properly be made till the plaintiff, by evidence, has proven that he has a demand against the defendant." In that case the defendant was allowed thirty days to answer, and in his answer denied all the material allegations of the bill; yet on the day the answer was filed the court directed a sale of the land. From these rulings I conclude that the practice is well established that upon the overruling of a demurrer the defendant is entitled to a rule to answer, and that the court cannot properly order a reference of the cause to a commissioner to ascertain the amount of the plaintiff's demand, the real estate owned by the defendant, the liens thereon, and their priorities, until the time has elapsed given the defendant to answer. The decree must be reversed, and the cause remanded.

*Reversed. Remanded.*