# Staunton.

EMMA V. WILLIS, ET ALS. v. THE BLUE RIDGE BANK, INC., ET ALS.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Thos. Whitehead, L. H. Shrader, Edward Meeks, B. G. Howard*, and *Henson & Henson*, for the appellants.

*Jno. W. McCauley, G. W. Agnew, W. D. Tompkins* and *J. E. Proffit*, for the appellees.

Holt, J., delivered the opinion of the court.

This is a suit brought by The Blue Ridge Bank, The

Floyd County Bank and the Christiansburg Grocery Company to set aside as fraudulent and void a certain deed of date July 31, 1923, from Emma V. Willis to her daughters, Bessie Willis Shrader and Martha Willis Rutrough.

The bill charges that: "On the 31st day of July, 1923, for the pretended consideration of $1,497.00 and interest thereon, and the assumption by the grantees hereinafter mentioned of the payment of the notes of $1,000.00 due to the First National Bank of Radford, Virginia, and another note for the sum of $100.00 due to the Peoples Bank of Floyd county, Virginia, the said Emma V. Willis granted and conveyed unto her daughters, Bessie Willis Shrader and Martha Willis Rutrough, all of her right, title and interest in and to a certain tract or parcel of land in the town of Willis, in Floyd county, Virginia, known as the S. P. Willis home place, her interest therein being that of an estate for the life of the said Emma V. Willis who at the time of said conveyance was — years of age; and that by said deed she also conveyed her undivided one-half interest in fee simple in a certain store house and lot in the said town of Willis; and that she also conveyed by said deed all of the household effects of the said Emma V. Willis then in said house and on the land above mentioned as well as all personal property of whatever kind as was then on said land, including three cows, two calves, one Ford car, hogs, etc., together with the rentals accruing from a certain lease which the said Emma V. Willis had granted to one Isaac Smith on the homeplace above set forth."

Afterwards certain creditors of Emma V. Willis filed their petition to have her adjudged a bankrupt. This was on November 30, 1923. On this petition Mrs. Willis was later adjudged a bankrupt.

She and her daughters filed their demurrers and answers to the bill on March 4, 1925. They deny all charges. On March 17, 1927, the trustee in bankruptcy for Mrs. Willis asked permission of the bankrupt court to intervene. He was given the necessary authority and did file his petition of intervention on March 28, 1927.

On October 24, 1927, the trial court entered a decree which is the subject of this appeal. It contains *inter alia* this recitation:

"On consideration of all of which, it is adjudged, ordered and decreed that the demurrer be and the same is hereby overruled, and Emma V. Willis having been adjudged a bankrupt by the U. S. District Court of the Western District of Virginia, which further adjudicated that the deed from Emma V. Willis to Bessie Willis Shrader and Martha Willis Rutrough was executed within four months from the date of filing the petition in bankruptcy in the bankrupt court, and the attorneys for the defendants having declined to further contest the allegations of want of consideration and fraud alleged by complainant, the bill is taken for confessed, and it is therefore considered by the court that the consideration for the deed from Emma V. Willis to Bessie Willis Shrader and Martha Willis Rutrough was fictitious and that at the date of the aforesaid deed, July 31, 1923, Emma V. Willis was indebted to the Blue Ridge Bank, Incorporated, in the sum of $4,145.07; Floyd County Bank for the benefit of the Farmers Supply Co., Inc., in the sum of $745.95, and Christiansburg Grocery Company in the sum of $600.00."

■ Accurately speaking this is not a judgment by confession, but when these defendants had formally declined to contest the allegations of want of con-

sideration and fraud there was nothing else for the court to do but to so decree and this it did. It also gave judgment in favor of these several creditors against Emma V. Willis for the amount of their claims and referred the cause to a special master to ascertain the value of the property conveyed by the deed of July 31, 1923, and the liens thereon, and at the same time decreed to plaintiffs' counsel a fee of $500.00 for uncovering assets for creditors. It is our understanding that these judgments as such are not insisted upon. This is not a matter of particular importance for if they be treated as judgments proper they would be wiped away by a discharge in bankruptcy. What is important is that plaintiffs' claims are established and their priorities fixed by statute, section 5186 of the Code 1919.

Complaint is not made of the fact that the deed of July 31st was vacated and set aside because of fraud and of want of consideration, but it is insisted that it was the duty of the trial court, when that conclusion had been reached, to transfer assets so uncovered to the bankrupt court for administration and that it had no authority to impress these assets with a lien of any kind.

In the consideration of these objections it is to be remembered that these liens, if they exist, are based upon section 5186 of the Code and not upon any judgment of the trial court.

It may be that these judgments are entitled to priority under section 5186 of the Code, but this the trial court has not held, and we cannot undertake to pass upon a judgment not yet reached.

Moreover, there is not a line in the record which shows that Emma V. Willis was a debtor of her daughters, Bessie Willis Shrader and Martha Willis

Rutrough. The grantees in the deed of July 31, 1923, have expressly refused to contest the allegations in the bill to the effect that the deed was founded on fraud and want of consideration. If it, for the sake of argument, be conceded that all that was done was wrong, they have no right to ask that it be corrected. The trustee, if he were dissatisfied, might complain, but he has not acted and has not been requested to act.

What was said on this subject in *B. R. Willis, et als* v. *Blue Ridge Bank, et als*, ante, p. 392, 149 S. E. 624, this day decided, applies here, and for reasons there stated the State court has power to proceed with the administration of the fund uncovered. It would have been entirely regular to have transferred it to the bankrupt court, but it is plain that failure to do this is not reversible error when no such request has been made, and it is certain that it cannot be compelled to do so at the instance of one who is not a creditor.

*Affirmed.*