# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## M. A. TUCKER, ET ALS. v. J. H. FOSTER.

March 20, 1930.

Absent, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*George E. Allen* and *McKinney & Settle*, for the appellants.

*Barksdale & Abbot*, for the appellee.

EPES, J., delivered the opinion of the court.

On March 30, 1925, Mrs. M. A. Tucker, suing for the benefit of herself and all other lien creditors of C. A. Foster, instituted her suit in chancery against C. A. Foster and Eula Foster, his wife, Thomas Lee Foster, Harry F. Foster, Carrie Elliott, and J. H. Foster, in the Circuit Court for Campbell county; and filed a memorandum of her *lis pendens*, describing therein all the real estate mentioned in her bill. On April 6, 1925, process was served upon J. H. Foster and the other defendants; and on April 20, 1925, Mrs. Tucker filed her bill.

The object of the bill is to set aside as fraudulent and void three deeds from C. A. Foster and wife to the other defendants named, the grantee in no two of the deeds being the same, and no one of the deeds

conveying any property which is conveyed in any other of the three deeds.

The bill alleges the following facts:

At the March term, 1924, of the Circuit Court for Campbell county, Mrs. M. A. Tucker obtained a judgment against C. A. Foster for $1,407.83 upon a debt contracted in November 1920, and had her said judgment duly docketed. At the time that said indebtedness was contracted, C. A. Foster owned a large number of tracts or parcels of land in Campbell county, Virginia, which he subsequently conveyed to others by the three deeds below mentioned in which his wife, Eula Foster, joined.

The first deed is dated January 3, 1921, but was not recorded until March 12, 1923, and conveys to J. H. Foster, a near relative, twenty-three parcels of said land, for which conveyance the consideration is therein stated as being "$5.00 and other valuable considerations."

The second deed is dated November 17, 1922, was recorded August 16, 1923, and conveys to Carrie Elliott one of said parcels, for which conveyance the consideration is therein stated as being "$5.00 and other considerations."

The third deed is dated August 9, 1923, was recorded August 16, 1923, and conveys to Thomas Lee Foster and Harry F. Foster, near relatives of C. A. Foster, three of said parcels of land, for which conveyance the consideration is therein stated as being "$10,482.90 cash in hand paid."

The bill contains a separate allegation as to each of said deeds that it was in fact without consideration and was made for the purpose of defrauding the complainant, which said intent was known to and participated in by the grantee. It also contains the following allegation as to all three said deeds:

"Your complainant is advised, believes and charges that all of the above mentioned deeds are void and were made for the purpose of hindering, delaying and defrauding your complainant, a creditor of the said C. A. Foster, and that said intent was participated in by each and every one of said grantees."

The prayer of the bill is that said three deeds may be declared null and void, and that the property conveyed thereby, or so much thereof as may be necessary, be sold for the payment of said judgment debt of Mrs. M. A. Tucker against C. A. Foster, and for general relief.

On April 22, 1925, C. A. Foster filed his voluntary petition in bankruptcy; and was thereupon adjudicated a bankrupt; and on May 11, 1925, Fred M. Davis was appointed trustee in bankruptcy of his estate and subsequently qualified as such.

At the November term, 1923, of the Circuit Court for Campbell county, Homie P. Connor and L. L. Connor recovered a judgment against C. A. Foster for $10,000.00 with interest from January 11, 1923, which was docketed November 24, 1923; and on July 2, 1925, they filed their petition in this suit, pleading their said judgment and praying to be admitted as parties complainant to this suit.

None of the defendants filed any pleadings at rules; and none of them except J. H. Foster filed, or offered to file, an answer or other defense until more than six months after service of process upon them.

On July 13, 1925, J. H. Foster, by leave of court, filed his plea setting forth the said adjudication of C. A. Foster a bankrupt, and the appointment and qualification of said Fred M. Davis as trustee in bankruptcy; and averring that by reason of said adjudication and qualification said trustee "became and was

entitled to and vested with all of the estate, right, title and interest in the estate of C. A. Foster, which C. A. Foster might enforce, or might be enforced or subjected by the creditors of said C. A. Foster," and that, therefore, even if the allegations of the bill be true, the complainant had no right to maintain her bill to recover for the benefit of herself and the other lien creditors of C. A. Foster and praying whether he shall be compelled to make any further answer and that the bill be dismissed.

On September 20, 1925, the Lynchburg National Bank filed its petition in this suit, alleging that it was a judgment creditor of C. A. Foster; and at some other date not disclosed in the record R. H. Henderson and P. P. Smith filed their petitions in this suit, alleging that they were judgment creditors of C. A. Foster.

On October 26, 1925, the United States District Court authorized said trustee in bankruptcy to intervene in this suit and claim the proceeds thereof as assets of the estate of C. A. Foster in bankruptcy; but took no steps to bring said property into the bankrupt court or to stay the proceedings in the State court. On November 9, 1925, by leave of court, the said Fred M. Davis, trustee in bankruptcy, filed his petition in this suit praying that he be permitted to become a party complainant to this suit and to join the prosecution thereof, and that the fruits of the litigation therein be decreed to be paid to him as said trustee in bankruptcy.

Said plea was not set down for hearing until on November 9, 1925, which was more than six months after service of process on J. H. Foster and the other defendants.

On November 9, 1925 the court entered its decree, taking said bill as confessed to all defendants except

J. H. Foster, and thereby referred the cause to a commissioner in chancery to take an account of all the real estate described in the bill, except that conveyed to Carrie Elliott, together with an account of the liens and incumbrances on each parcel or tract and the order of their priorities, and of all the debts mentioned in said bill and petitions and the order of priorities thereof; but at the end of the decree decreed as follows: "But as to questions arising upon the said plea of J. H. Foster, this cause is continued to the 19th day of November, 1925, for further hearing."

On November 20, 1925, the court entered its decree striking out the plea of bankruptcy of C. A. Foster filed by J. H. Foster because the same presented no valid defense to the bill, and refusing to permit C. A. Foster, Eula L. Foster, Thomas Lee Foster and Harry F. Foster, who had not theretofore demurred, plead, or answered, to file their demurrers or answers because not tendered within six months after service of process upon them as required by section 6122, Code of Virginia; but, over the objection of the appellants, by said decree permitted J. H. Foster to file his demurrer and answer to said bill, on the ground "that the filing of the said plea within the period prescribed by section 6122 of the Code constitutes good cause for now allowing the said J. H. Foster to file further plea or defense."

Thereupon, on November 20, 1925, J. H. Foster filed his demurrer and answer. The demurrer assigns as the sole ground for demurrer, "that the bill is bad for duplicity, it constituting an effort to set aside as fraudulent two entirely separate and distinct deeds to two entirely separate and distinct grantees in one action."

Upon the filing of the demurrer and answer of J. H. Foster the court decreed that the commissioner to

whom this cause had been referred should omit in his report all inquiries concerning the property conveyed to J. H. Foster until the further order of the court.

For almost a year thereafter no further proceedings were had against J. H. Foster, but on September 26, 1926, Mrs. M. A. Tucker, Lynchburg National Bank, L. L. Connor and Homie P. Connor, R. H. Henderson and P. P. Smith filed their petition for rehearing of the decree of the court permitting J. H. Foster to file his demurrer and answer, which petition the court by its decree of November 8, 1926, struck out on motion of J. H. Foster. This bill of review presents no new questions and need not be further considered.

After this the cause lay dormant so far as J. H. Foster is concerned until on January 20, 1928, when the court entered its decree sustaining the demurrer of J. H. Foster and dismissing the bill as to J. H. Foster.

What has taken place in this cause since November 20, 1925, with reference to the lands conveyed by C. A. Foster and wife to Carrie Elliott and to Thomas Lee Foster and Harry F. Foster does not appear from the record certified to this court.

From the decree of the court entered January 20, 1928, Mrs. M. A. Tucker, Homie P. Connor and L. L. Connor appeal, and make the following assignments of error:

(1) The court erred in its decree of January 20, 1928, in sustaining the demurrer of J. H. Foster to the bill of complaint and dismissing the bill as to him.

(2) The court erred in its decree of November 20, 1925, in holding that the mere filing of the plea of bankruptcy constituted good cause for allowing the defendant, J. H. Foster, to file his answer after the expiration of the six months from the date of service of

process upon him within which he was required by section 6122, Code of Va. 1919, to file his answer or other defense.

The appellee moves this court to dismiss this appeal as having been improvidently allowed. The grounds of the motion are that the adjudication of C. A. Foster a bankrupt within four months of the institution of this suit, and the appointment and qualification of his trustee in bankruptcy, operated to vest in said trustee all the estate, right, title and intrest of C. A. Foster in the property mentioned in the bill, and all right to sue for the subjection thereof to the payment of the debts of C. A. Foster, and divested the appellants of all right to maintain this suit; and that upon the admission of the trustee in bankruptcy as a party plaintiff to this suit the control thereof was in said trustee alone, and he alone may appeal from the decree therein entered.

■ This is the assertion in a different form of the same defense that was set up in the plea filed by J. H. Foster, which was properly stricken out by the court below. The motion to dismiss is overruled.

■ If the deed from C. A. Foster to J. H. Foster be fraudulent and void, as in the bill aggeged, the judgments of Mrs. M. A. Tucker and of Homie P. Connor and L. L. Connor are liens on the lands therein conveyed in the hands of J. H. Foster from the times at which those judgments were rendered, respectively, and not merely from the time of the institution of the suit and the filing of their petitions, respectively.

■ When a judgment has been rendered and duly docketed the effect thereof is to impose a lien both upon the real estate then held by the judgment debtor and also upon any that he may have theretofore conveyed away in fraud of such judgment creditor after

his debt was contracted and before judgment rendered, subject of course in the latter case to the superior equities of *bona fide* purchasers for value and without notice. Sections 6470 and 6471, Code of Virginia; *Wallace's Adm'r* v. *Treakle*, 27 Gratt. (68 Va.) 479; *Haleys* v. *Williams*, 1 Leigh (28 Va.) 140, 19 Am. Dec. 743; *Foley v. Ruley*, 50 W. Va. 158, 40 S. E. 382, 55 L. R. A. 916; *Hillyer* v. *LeRoy*, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919. See also *Davis* v. *Bonney*, 89 Va. 755, 17 S. E. 229; *Ferguson* v. *Daugherty*, 94 Va. 308, at page 315, 26 S. E. 822; *Craig* v. *Hoge*, 95 Va. 275, at page 282, 28 S. E. 317.

Bringing a suit by a judgment creditor to set aside as fraudulent a deed executed and recorded prior to the time the judgment was rendered does not postpone the lien of the judgment to the time of the bringing of the suit, or operate as an abandonment or waiver of the existing lien of the judgment against the property in the hands of the fraudulent grantee.

Section 5186, Code of Virginia 1919, which gives a *general creditor* the same right to sue to set aside a fraudulent conveyance that a *judgment creditor* would have after obtaining judgment, and gives the complainant a lien on the property in the hands of the fraudulent grantee in the bill mentioned from the time of bringing his suit and a petitioning creditor a lien from the time of filing his petition, has no application to a suit brought by a judgment creditor or a petition filed by a judgment creditor. It adds nothing to and subtracts nothing from the rights of a judgment creditor either as to the existence of his lien, the time from which it attaches, its order of priority, or the right to bring a suit to set aside the fraudulent conveyance.

In considering this demurrer the deed to J. H.

Foster must be taken to be fraudulent, as in the bill alleged. The appellants, by virtue of their several judgments, have liens on the land therein conveyed which attached more than four months prior to the adjudication of C. A. Foster a bankrupt, and are not within the bankrupt act (11 U. S. C. A.); and the right of appellants to maintain a suit to have the property in the hands of the fraudulent grantee subjected to the satisfaction of their judgment liens has not passed to or become vested in the trustee in bankruptcy. Nor does the bankruptcy proceeding in and of itself oust the State court of its jurisdiction and power to proceed with this suit in which it had acquired jurisdiction both of the subject matter and the parties thereto before C. A. Foster filed his petition in bankruptcy. *Hillyer* v. *LeRoy*, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919; *Willis* v. *Blue Ridge Bank*, 153 Va. 410, 149 S. E. 630; *Metcalf* v. *Barker*, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; *Eyster* v. *Gaff*, 91 U. S. 521, 23 L. Ed. 403.

The first assignment of error is well taken. The court erred in sustaining the demurrer to the bill on the ground that it was multifarious.

The better considered rule, which is the rule in Virginia, is: A judgment creditor's bill brought against a fraudulent grantor and his several fraudulent grantees who have acquired different parcels of his property under separate and distinct deeds, seeking to subject all the property of the judgment debtor so fraudulently conveyed, or so much thereof as may be necessary, to the payment of the judgment debt, is not multifarious; and this is true even though the several deeds may have been executed and delivered at widely different times and have no actual connection with each other in any way, and though there has been no combination or

conspiracy among the several grantees or joint participation of the grantees in the fraud of their grantor, and though the fraudulent grantee in any one deed has no knowledge or notice of any other of the fraudulent deeds. *Almond* v. *Wilson*, 75 Va. 613; *Commonwealth* v. *Drake*, 81 Va. 305; *Collins* v. *Stix*, 96 Ala. 333. 11 So. 380; *Wilson* v. *First National Bank*, 209 Ala. 70, 95 So. 340, 341; *Randolph* v. *Daly*, 16 N. J. Eq. 313; *Way* v. *Bragaw*, 16 N. J. Eq. 213, 84 Am. Dec. 147; *Hammond* v. *Hudson River, etc., Co.*, 20 Barb. (N. Y.) 378; *Williams* v. *Neel*, 10 Rich. Eq. (31 S. C. Eq.) 338, 73 Am. Dec. 94; *Bauknight* v. *Sloan*, 17 Fla. 284; *Donovan* v. *Dunning*, 69 Mo. 436; 21 C. J. page 518; 27 C. J. pages 756, 777-8.

This is a rule of very general application, and there is nothing in the bill in the instant case which takes it out of the rule.

For the reasons for the rule see the cases above cited. In *Almond* v. *Wilson*, 75 Va. 613, Judge Staples has excellently stated the rationale of the rule and we shall not repeat it here.

But in addition to what is there said, it is to be noted that in Virginia a judgment is a lien from the time it is rendered upon all the real estate then owned by the debtor in his own name and *also* upon all the real estate which he may have theretofore fraudulently conveyed to others in fraud of the judgment creditor and his debt; and a judgment creditor's bill to subject the several parcels of land fraudulently conveyed to the payment of the judgment debt is not a bill to acquire liens on such parcels of land, but a bill to enforce an existing lien, which is a lien not merely upon one or more of the parcels, but upon all of them. *Wallace's Adm'r* v. *Treakle*, 27 Gratt. (68 Va.) 479; *Haleys* v. *Williams*, 1 Leigh 140, 19 Am. Dec. 743;

*Foley* v. *Ruley*, 50 W. Va. 158, 40 S. E. 382, 55 L. R. A. 916. It is closely analogous in all respects to a judgment creditor's suit brought to subject to the payment of a judgment several parcels of land which, since the entry of the judgment, have been conveyed by the judgment debtor to several different grantees by separate and distinct deeds. As is said by Judge Staples in *Almond* v. *Wilson, supra:* "In Virginia it is common practice for a judgment creditor to unite in one bill any number of purchasers claiming different parcels of land by separate and distinct alienations." That this may be done without rendering the bill multifarious where the alienations are after judgment tendered seems to be a very generally recognized and applied rule of equity pleading and practice. Upon reason, as well as authority, practically the same latitude is permissible where the existing lien of the judgment is sought to be enforced upon parcels of land which have been fraudulently alienated by the judgment debtor prior to the entry of the judgment.

The point is not raised in this case as to whether, in view of the provision of section 6120, Code of Virginia 1919, a defendant may be permitted to file a demurrer after a plea filed by him has been set down for argument and stricken out; and we express no opinion on this point. But the second assignment of error made by the appellants, that the court erred in permitting the defendant, J. H. Foster, to file his answer forthwith upon the entry of an order striking out his plea, is not well taken. The court did not err in permitting J. H. Foster to file his answer.

The office of a demurrer going to the whole matter of the bill is to demand the judgment of the court whether the defendant shall be compelled to answer the complainant's bill. *Ballance* v. *Loomiss,*

22 Ill. (12 Peck) 82; *Fletcher Eq. Pl. and Pr.* section 328, page 351, also section 194. A plea which, if sustained, is a good defense to the whole bill, is a special answer, showing or relying upon 'one or more things as a cause why the suit should be either dismissed, delayed or debarred. It differs from an answer in the common form in that "it demands judgment of the court, in the first instance, whether the special matter urged for it does not debar the plaintiff from his title to that answer which the bill requires." *Storey Eq. Pl.* (10 ed.) section 649, page 543; *Fletcher Eq. Pl. & Pr.* section 235, page 270; *Roche* v. *Morgell,* 2 Sholes & Lefr. 725; Beams, Pleas in Equity 1.

Under the well recognized rules of equity pleading and practice, in the absence of a controlling statute or rule of court to the contrary, if the defendant has in good faith filed a demurrer or plea which, if sustained, is a good defense to the whole bill, he is entitled to have the court pass upon such demurrer or plea before he is required to answer; and upon an order overruling such a demurrer or plea the defendant is entitled to an opportunity to answer the bill; and it is error to take the bill for confessed or to decree the matter thereof until opportunity has been given the defendant to answer, if he ask leave to answer. *Sutton* v. *Gatewood,* 6 Munf. (20 Va.) 398; *Northwestern Bank* v. *Nelson,* 1 Gratt. (42 Va.) 110; *Reynolds* v. *Bank,* 6 Gratt. (47 Va.) 174; *Brent* v. *Washington,* 18 Gratt. (59 Va.) 526; *Billingslea* v. *Manear,* 47 W. Va. 785, 35 S. E. 847; *Pecks* v. *Chambers,* 8 W. Va. 210; *Hays* v. *Heatherly,* 36 W. Va. 613, 15 S. E. 223; *Ballance* v. *Loomiss,* 22 Ill. (12 Peck) 82; *Fletcher Eq. Pl. & Pr.* section 232, section 286, section 277, and section 241; *Daniels Ch. Pl. & Pr.* (5 ed.) Vol. 1, page 702; 21 C. J. (Equity) sections 498–500 and section 534; *Storey Eq. Pl.* (10 ed.), section 692, page 583.

██ This right of a defendant upon demurrer overruled or a plea stricken out to answer the bill has been recognized by statute in Virginia from the earliest days of the Commonwealth. *Acts October 1777, chapter 15, sections 20–24, Henning Stat. at Large, page 389; Code 1819, chapter 66, sections 97–101, pages 215, 216; Code 1819, chapter 71, sections 55–59, pages 256, 257; Code 1849, chapter 171, section 32; Code 1873, chapter 167, section 33; Acts 1875–76, chapter 167, page 209; Code 1887, section 3273; Code 1919, section 6120.*

Sections 23 and 24 of the Acts of 1777, entitled "An act for establishing a High Court of Chancery" (*Acts October 1777, chapter 15,* sections 23 and 24, 9 Henning Stat. at L., page 389), read as follows:

"XXIII. Upon a plea or demurrer argued and overruled, costs shall be paid as where an answer is judged insufficient, and the defendant shall answer within two calendar months after; but if adjudged good, the defendant shall have his costs."

"XXIV. If any defendant, after a demurrer shall have been overruled, shall refuse to answer, the bill shall be taken as confessed, and the matter thereof decreed."

Code 1819, chapter 15, sections 98 and 100, provided as follows:

"Section 98. If a plea or demurrer be overruled, no other plea or demurrer shall be thereafter received, but the defendant shall answer the bill."

"Section 100. Upon a plea or demurrer argued and overruled costs shall be paid as where an answer is adjudged insufficient; and the defendant shall answer within two calendar months after * * *."

Code 1849, chapter 171, section 32, and Code 1873, chapter 167, section 33, read as follows: "A plaintiff in

equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but there shall be a rule upon the defendant to answer the bill."

By *Acts 1875–76*, chapter 170, page 209, section 33, Code 1873, was changed to read as does *section 6120, Code Va. 1919*, with the exception that in *section 6120* the last clause of the *Act of 1875–76* is expressed by a code reference. Section 6120, Code 1919, reads as follows:

"A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but the defendant may, in the discretion of the court, be required to answer the bill forthwith, and, in default thereof, the bill may be taken for confessed, and the matter thereof decreed; or the plaintiff may proceed against such defendant in the manner prescribed by section sixty-one hundred and thirty-six."

The effect of the amendment of 1875–76 was not to change the rule that upon plea or answer overruled the defendant should be given an opportunity to answer; but to empower the court in such case to require the defendant to answer forthwith, if the court in its discretion deemed proper.

From 1777 to 1825 the statute with reference to when a defendant was required to file his answer, in effect, provided that if the defendant failed to file his answer within three months after the plaintiff filed his bill, or within three months after process had been served upon him, if the bill was filed before service of process, he might file his answer only for good cause shown. *Acts October 1777, chapter 15, sections 6 and 7; Code 1819, chapter 66, sections 80–85*, pages 213, 214; *Code 1819, chapter 71, sections 39–43.* It was not until 1825

that the provision that the defendant might file his answer at any time before final decree, which was retained in the Code of 1849, 1873, and 1887, but omitted in Code 1919, was inserted. *Acts 1825–26, chapter 15, page 15; Suppl. to Code 1819, page 130; Code 1849, chapter 171, section 34; Code 1887, section 3275; Code 1919, section 6122.* But during the period 1777–1825 there is no suggestion in the reported cases that the section of the statute requiring an answer to be filed within three months after bill filed, unless for good cause shown, operated to change the rule of equity of pleading which was incorporated in the statute, that upon the overruling of a demurrer or the striking out of a plea the defendant is entitled to an opportunity to answer; or prohibited the defendant from filing his answer without showing cause other than the striking out of the plea or overruling of the demurrer, where the order striking out the plea or overruling the demurrer was not entered until after three months after bill filed.

The purpose of section 6122, Code of Virginia 1919, prescribing the time within which a defendant may and shall file his answer or other defense is not to cut off the orderly presentation of defenses or to set a trap for the unwary defendant by which a plaintiff may by delaying the prosecution of his cause cut off the defendant from a full defense or escape the necessity for proving his case. Its purpose is to prevent unconscionable delay in the orderly procedure in a chancery cause being caused by dilatory tactics on the part of the defendant or by the neglect of the defendant where the plaintiff has shown due diligence on his part in the prosecution of the cause.

Where, as in this case, the defendant within two months after the bill is filed, in good faith files a

plea which he conceives to be a complete defense to the whole bill, which, if sustained, is a complete bar to the further prosecution of the suit, and the plaintiff does not have the same set down for argument or otherwise prosecute his cause until after the lapse of more than six months from the service of process upon the defendant, in the absence of any special circumstances making it unconscionable, this constitutes good cause under section 6122 for the court's granting the defendant leave to file his answer forthwith upon the entry more than six months after process served of an order striking out the plea.

The duty and responsibility of speeding the cause rests upon the plaintiff as well as upon the defendant. Where a plea or demurrer going to the whole matter of the bill is in good faith filed, the plaintiff may, and should, proceed under section 6120 to have the plea or demurrer set down for argument and disposed of; and he may not in good conscience complain of the defendant's delay in answering when he has been negligent or dilatory in having the plea or demurrer disposed of, when, if sustained, it renders any answer unnecessary, and if stricken out or overruled the usual and ordinary effect thereof is to require that a rule to answer be given the defendant.

The appellant in the instant case contends that the plea of bankruptcy by J. H. Foster was not filed in good faith, but was interposed merely for purpose of delay. But there is nothing which sufficiently shows that this is so, and in fact the defendant has shown more diligence in filing his pleadings than the plaintiff has shown in the prosecution of his cause. The fact that counsel for the defendant is mistaken as to the law of the case is not a suspicious circumstance; and the fact that a plea filed by a defendant is held by the court to

be not good in law is insufficient to show that the plea was not filed in good faith in the conception that it is good in law and a complete bar to the bill.

The decree of the court entered November 20, 1928, sustaining the demurrer, will be reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*