BENJAMIN W. GRIM, *Conservator vs.* MARTIN J. DOLAN.

APRIL 17, 1953.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This proceeding was heard in the superior court on complainant's amended bill in equity and respondent's several pleas. Thereupon a justice of that court overruled all the pleas but gave respondent leave to show cause why a decree granting the prayers of the bill should not be entered. Pursuant thereto the parties were heard and the trial justice decided that no cause having been shown by respondent the complainant was entitled to the entry of a decree granting the relief prayed for. Such decree was entered and respondent duly prosecuted his appeal to this court.

The amended bill which was brought by complainant, a man over ninety years of age, by the duly appointed conservator of his property contains a prayer in substance that a deed dated September 21, 1948 signed by complainant and conveying to respondent an interest in certain real estate in Providence in this state be set aside on the ground that it was executed because of improper conduct and undue influence and control exercised by him over complainant due to the failure of the latter's mental faculties.

On the respondent's motion, the second, fourth and seventh paragraphs were stricken from the amended bill as being impertinent and thereupon he filed four pleas. The first two pleas questioned the propriety of the bringing of the amended bill by the conservator on behalf of complainant; the third set out in substance that a certain contract referred to in the second paragraph of such bill is not stated to have been in writing; and the fourth alleged that the instant suit is not maintainable because the issues raised therein are res adjudicata.

The respondent first argues that the superior court was in error in refusing to strike the third and fifth paragraphs from the amended bill and in overruling the above-mentioned pleas. Upon consideration we are unable to agree with him. In our judgment the third and fifth paragraphs of the bill contain matter material to the theory upon which the bill was brought and could not properly be struck

out *in toto* on the ground of impertinence. As to the pleas, no proof was introduced to support any of them and they all were apparently treated as raising questions of law only.

In regard to the first two pleas, the powers and duties of conservators are dealt with in general laws 1938, chapter 426, and particularly in §§36, 37, 38 and 39 thereof. That chapter relates to guardian and ward as well as to conservatorship. Broad and general powers are given therein, but there is no provision dealing specifically with the bringing of actions by conservators. However, it should be noted that the instant suit was brought by Edward H. Norris, as complainant and the real party in interest, by his conservator. Such procedure was approved by this court in *Mitchell* v. *Peoples Savings Bank,* 20 R. I. 500. See also *Taylor* v. *Superior Court,* 30 R. I. 200, *Lombard* v. *Morse,* 155 Mass. 136, Woerner, Am. Law of Guardianship (1897), p. 477, and 32 C.J. §614, p. 778. See also 44 C.J.S., Insane Persons, §139, p. 299. In our opinion the fact that the occurrences involved in the instant cause took place before the appointment of the conservator does not in itself invalidate the bringing of this proceeding, as respondent contends.

Further, in view of the fact that on motion of respondent the superior court struck from the amended bill the second paragraph relating to an alleged agreement between complainant and his niece Josephine M. Dolan, it was proper for that court to overrule respondent's third plea setting up the statute of frauds as a defense to such bill, since in the circumstances that plea was no longer applicable. In our opinion the allegations in the third and fifth paragraphs of the amended bill were so vague and general in relation to any agreement between the above-named persons as to this property that they formed no basis or support for a claim that there was a *specific* agreement which had to be in writing to comply with the statute of frauds. Therefore the overruling of such plea would not constitute prejudicial error.

By his fourth plea respondent sets up the defense of res adjudicata and relies for support on our opinion in the equity suit of *Dolan* v. *Dolan*, 78 R. I. 12, which was brought by Josephine M. Dolan who is not a party in the present proceeding. The complainant herein Edward H. Norris, who was a respondent in that case, filed no answer and a decree *pro confesso* was taken against him. However, after a hearing on appeal from the decree of the superior court we ordered that the bill be denied and dismissed as to all respondents therein and qualified our opinion with the words "without prejudice to any party's rights not determined in this proceeding." In the circumstances the rights relied on here were not determined in that cause and therefore we are of the opinion that the instant respondent did not establish his defense of res adjudicata and that the superior court decided correctly in overruling the fourth plea. See *Nixon* v. *Connery*, 71 R. I. 142. The ordinary and necessary requirements for maintaining such a plea were not shown to be present here.

The respondent also argues that the superior court committed error in failing to grant or fix a time within which he could demur to or answer the amended bill of complaint after his pleas had been overruled and in entering a decree granting the prayers of the bill without further hearing.

The general rule of law applicable to the above issues is set out in 1 Whitehouse Equity Practice, §§254-259. In §254 it is stated: "When a plea has been filed, two courses are open to the plaintiff: either to admit the averments of the plea and test its sufficiency, or to reply to it and deny its averments. If the plaintiff believes the plea to be insufficient even if true, the proper way to test the point is to make a motion to have the plea set for argument as it stands. * * * The effect of thus setting a plea for argument to test its sufficiency is the same as if the plaintiff had demurred to the plea. That is, every averment of the plea must be taken as true, and conversely, for the purpose of the hearing upon argument of the plea, every allegation in

the bill not denied by the plea or the answer in support of it must be taken as true." In §258 it is said: "If the court upon argument is of the opinion that the plea cannot under any circumstances be made use of as a defence, it is then overruled. The effect of thus overruling a plea is to impose upon the defendant the necessity of making a new defence. This he may usually do either by a new plea or an answer * * *."

In the instant cause no replications were filed to the pleas, they were not substantiated by proof when heard, and they were apparently disposed of on the question of their legal sufficiency only. In such circumstances the pleas admitted the truth of the allegations of the bill which were not denied. The same general principles of law appear in 19 Am. Jur., Equity, §294.

An examination of the authorities cited in support of the above principles shows that in many jurisdictions by statute, code, or rule of court, a respondent whose plea has been overruled is now permitted as of right or by exercise of the court's discretion to thereafter file an answer to the bill of complaint. We know of no such existing statute in this state and none has been brought to our attention. Further, no equity rule of the superior court deals specifically with the procedure to be taken following the overruling of a plea in the above circumstances. Equity rule No. 44 of that court is merely general in nature and contains the following language: "In all cases where the rules above prescribed and the statutes of this State do not apply, the practice of this court in equity cases shall be guided by the ordinary practice and usages of chancery courts, so far as applicable."

In *Barnes* v. *Roy & Son*, 27 R. I. 534, 537, this court in considering a bill in equity to which a plea had been filed used the following language: "Ordinarily, under these circumstances, the plea having been overruled, the bill would be remanded to the Superior Court, with instructions to enter a decree for an injunction as prayed. But, inasmuch as the defence attempted to be interposed by the respond-

ents has been taken away, pending suit, by act of the General Assembly, we think the respondents should have an opportunity to answer if they see fit." To the best of our knowledge that statement has not been questioned, limited, or overruled since it was made in 1906 but has been generally recognized and followed. In our opinion in view of its long existence we should not disregard it except for good cause, even if it was in the nature of dictum as the respondent argues. Also in the present cause it appears that the superior court, following the spirit of the holding in the *Barnes* case, gave respondent an opportunity to show cause why the relief asked for by complainant should not be granted, but the respondent at that time failed to indicate a meritorious defense to the bill of complaint.

In support of his position, respondent relies on certain statements made in Keigwin, Cases in Equity Pleading (2d ed.). However, at page 489 of that work the following language appears which in general accords with the principles of law hereinbefore referred to: "B. The plea may be disallowed, or overruled, if the court adjudges the facts therein alleged not to constitute a bar to the case made by the bill. Thereupon the defendant must answer the bill within a certain time fixed by rule of the court or by special order in the cause; otherwise the bill will be taken *pro confesso* against him, that action to be followed by a final decree for the plaintiff." See *Hazard* v. *Durant*, 12 R. I. 99. However, in this jurisdiction no rule of court governs the practice in that respect and no special order was made in the instant cause.

The respondent has also cited with approval *Tucker* v. *Foster*, 154 Va. 182. There the right of respondent to answer the bill in equity after his plea had been overruled was recognized. That case, however, is clearly distinguishable from the one now before us. There the court stated at page 198: "This right of a defendant upon demurrer overruled or a plea stricken out to answer the bill has been

recognized by statute in Virginia from the earliest days of the Commonwealth." Furthermore, propositions of law set out in 30 C.J.S., Equity, §326 (b), p. 746, considered in the light of the cases cited in support thereof, disclose that when a respondent has been allowed to file an answer after his plea was overruled it was usually by virtue of some statute or rule of court.

The respondent calls to our attention several equity cases in the superior court wherein the respondent has been permitted to demur to or answer the bill of complaint after his plea has been overruled by that court. Such rare instances do not establish any settled custom or practice in that regard. They are also not applicable to the instant cause since for all that appears such permission may have been given and the orders may have been entered with the complainant's consent.

It is our judgment that in the circumstances the action of the trial justice in entering the final decree granting the prayers of the complainant's amended bill was without error.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

## ON MOTION FOR REARGUMENT.

### MAY 28, 1953.

PER CURIAM. After our opinion in the above case, the respondent requested and received permission to file a motion for leave to reargue. In support of his motion he has called to our attention equity rule No. 35, but that was in effect only up to 1905 when this court consisted of two divisions, namely, appellate and common pleas. It is significant that when the rules of the *superior* court were promulgated in that year, they contained no rule similar to rule No. 35. That rule therefore was not in existence when the instant cause was heard and has no bearing on its disposition. Moreover in our judgment the question raised

by respondent is not governed by the present equity rule No. 44 of the Rules of Practice of the superior court. The other matters referred to in the instant motion have been carefully considered and we are of the opinion that they suggest no point which we have not already passed upon or which in the circumstances warrants reargument.

Motion denied.

*Grim & Littlefield,* for complainant.

*Edmund J. Carberry, Jr., Walter R. Orme,* for respondent.