Statement.

## Staunton.

### NEWBERRY SHOE CO. v. COLLIER AND OTHERS.

September 15, 1910.

Absent, Cardwell, J.

1. BANKRUPTCY—*Discharge—Effect on Liens.*—A discharge in bankruptcy does not necessarily affect a specific lien on the bankrupt's property, but only releases him from personal liability. A lien on property of a bankrupt, acquired within four months of the time he was adjudged a bankrupt is void if the bankrupt was insolvent at the time the lien was obtained, but no presumption arises from the adjudication in bankruptcy that he was insolvent at that time or at any other time, and in the absence of any evidence on the subject, the judgment will be upheld.

2. BANKRUPTCY—*Homestead—Paramount Claims—Jurisdiction.*—When a bankrupt designates property as a homestead all the Federal court of bankruptcy can do is to set it aside to him. A creditor desiring to subject such property to the payment of a debt paramount to the homestead, must pursue his remedy in the State court. Such exempted property constitutes no part of the assets in bankruptcy, the assignee in bankruptcy acquires no title thereto, and the refusal of the bankrupt court to take jurisdiction of such claims is no bar to their enforcement in the State court.

Appeal from a decree of the Circuit Court of Wise county. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Bond & Bruce*, for the appellant.

*Burnett & Bremner*, for the appellees.

HARRISON, J., delivered the opinion of the court.

On May 7, 1908, the bill in this cause was filed by the appellant in the Circuit Court of Wise county, to have set aside a deed, dated January 14, 1908, from M. D. Collier to Martha Collier, the wife of the appellee, J. A. Collier, conveying to her two lots or parcels of land, upon the ground that J. A. Collier had paid for the lots with his own means and had them conveyed to his wife for the purpose of hindering, delaying and defrauding his creditors. On the same day that the bill was filed, the complainant had recorded in the clerk's office a *lis pendens* under section 2460 of the Code.

The defendants not appearing, and the suit being duly matured, the court on July 20, 1908, entered a decree in favor of the complainant for the amount of its debt, set aside the deed, and declared the debt to be a lien upon the property thereby conveyed, as of May 7, 1908, the date of the recordation of the *lis pendens*, and referred the cause to a commissioner to ascertain the liens.

On the 27th of April, 1909, the apppellees, J. A. Collier and wife, appeared and by leave of court filed their joint and several answer to the bill, admitting the debt asserted in the bill, but alleging that after the institution of the suit J. A. Collier had filed his petition in bankrupty, and had filed therein a schedule of his debts, including that of the complainant, and that he was adjudged a bankrupt and discharged from all debts and claims provable under the law in bankrupt proceedings. The answer further alleged that Martha Collier had, on June 20, 1908, conveyed the lots in question to her husband, J. A. Collier, and that the referee in bankruptcy had allowed them to J. A. Collier as a part of the homestead exemption claimed by him under the laws of the State. It is further alleged that the appellant and other creditors had objected to the lots being allowed to J. A. Collier as part of his homestead, but that the objection was overruled by the

referee, and that the appellant had appealed from that action to the United States District Court for the Western District of Virginia, where the action of the referee had been affirmed. Portions of the record in bankruptcy, showing these facts are filed with the answer in support of the contention there made, that the right of the appellee J. A. Collier to hold these lots as a part of his homestead exemption, as against the lien thereon acquired by the appellant in this cause, had been decided by the United States district court between the same parties and was therefore *res adjudicata.*

Upon the filing of this answer the Circuit Court of Wise county rendered the decree complained of, setting aside all of the decrees theretofore entered in the cause, and dismissing the complainant's bill with costs.

We are of opinion that this was error. The rights of the complainant in this cause were not affected by the proceedings in bankruptcy, but remained as they were before any petition in bankruptcy had been filed by the defendant, J. A. Collier. A discharge in bankruptcy does not necessarily affect a specific lien, but only releases the bankrupt from personal liability. A lien on property of the bankrupt, acquired within four months of the time he was adjudged a bankrupt, is void, provided the bankrupt was insolvent at the time the lien was obtained. It is not alleged and there is no evidence in the record showing that J. A. Collier was insolvent at the time the lien in this cause attached.

In the case of *Jackson* v. *Valley Tie Co.*, 108 Va., 718, 62 S. E. 965, this court, citing *Simpson* v. *Van Etten* (C. C.) 108 Fed. 199, says: "Not all liens obtained against one afterwards and within four months adjudged bankrupt are deemed null and void. It must appear that the person whose property is subject to the lien was insolvent at the time of the creation of the lien. It is evident a lien might be obtained against one who is adjudged a bankrupt within four months thereafter, but who was not insol-

rent at the time the lien was obtained. The act of bankruptcy and the insolvency might have occurred at some period sub-sequent to the creation of the lien. If so the adjudication of bankruptcy would in no way determine whether or not the party was insolvent at the time the lien was created." And further, at page 719 of 108 Va., 62 S. E. 966, it is said: "No presumption arises from the adjudication in bankruptcy that the bankrupt was insolvent for four months, or any period, before his petition was filed, and hence it is incumbent on the trustee to prove the insolvency."

It is clear that the lien herein asserted was not satisfied or affected by the appellee's discharge in bankruptcy.

The only evidence in this record that J. A. Collier claimed a homestead in the two lots involved here is a recital in the report of the referee in bankruptcy, that the bankrupt had, on the 25th of June, 1908, filed his homestead deed in the clerk's office of Wise county, claiming his homestead, among other things, in these two lots. Assuming, however, that such a homestead is shown to have been claimed, the bankrupt court had no jurisdiction of homestead property, and. there-fore, it could not adjudicate the rights of the parties with respect thereto.

When a bankrupt dedicates property as a homestead, all the bankrupt court can do is to set it aside to him. A creditor desiring to subject such property to the payment of a debt paramount to the homestead, must pursue his remedy in the State court. *Lockwood* v. *Bank*, 190 U. S. 294, 47 L. Ed. 1061, 23 Sup. Ct. 751.

In the case cited, it is said, quoting from the opinion of Mr. Justice Bradley in *Re Bass*, Fed. Cas. No. 1091: "In other words it is made as clear as anything can be that such exempted property constitutes no part of the assets in bankruptcy * * * The exemption is created by the State law, and the assignee acquires no title to the exempt property. If the creditor has a claim against it, he must prosecute that claim in a court which

has jurisdiction over the property, which the bankrupt court has not."

· It is plain from the record that the United States Court for the Western District of Virginia followed the authority of the case cited and the plain terms of the Bankruptcy Act of 1898, and simply announced that the bankrupt court had no jurisdiction over the two lots set apart as a homestead and never intended to adjudicate the rights of the appellant with respect thereto. This being so, there is no foundation for the contention that the issues involved in this case are *res adjudicata.*

For these reasons, the decree appealed from must be reversed and the cause remanded for further proceedings not in conflict with the views herein expressed.

*Reversed.*