# Staunton

## Alex E. Matney, Nearvy Matney and T. R. Davis v. F. H. Combs, Receiver of the Bank of Grundy.

September 9, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Roland E. Chase,* for the appellants.

*H. Claude Pobst,* for the appellee.

SPRATLEY, J., delivered the opinion of the court.

The Bank of Grundy, Incorporated, on November 18, 1930, recovered in the Circuit Court of Buchanan county, Virginia, a judgment against A. L. Rife, A. G. Matney, Arlin Matney, Alex E. Matney and W. M. Matney, for the sum of $3,000, with interest from December 21, 1929, together with costs and a ten per cent attorney's fee for collection. This judgment was duly docketed on December 12, 1930.

On May 18, 1931, a receiver was duly appointed for the said bank.

Alex E. Matney filed a petition in bankruptcy in June, 1933. The schedules filed with his petition listed the above

judgment debt. The Bank of Grundy was his principal creditor, the total sum to other creditors amounting to a few hundred dollars only. The assets of the bankrupt, as scheduled, were negligible. The 164 acres of land hereinafter referred to were not listed as the property of the bankrupt. The bank did not file any proof of its claim in the proceedings. A discharge in bankruptcy was procured by Matney in December, 1933.

In November, 1934, the receiver of the bank filed a bill in chancery against the plaintiffs in error and others, in which it was sought to have set aside and vacated two deeds alleged in the bill to have been made for the purpose of hindering, delaying and defrauding the creditors of Alex E. Matney, and to subject the lands therein described, as the property of Alex E. Matney, to a lien for the aforementioned judgment.

The two deeds cover successive conveyances of a tract or parcel of land containing 164 acres, located on Dismal creek, in Buchanan county, owned by Alex E. Matney at a time when he was indebted to the bank for the $3,000 debt. The first deed dated August 22, 1930, and recorded August 23, 1930, conveyed the 164 acres from Alex E. Matney and Nearvy Matney, his wife, to T. R. Davis, for the expressed consideration of $1,000, cash in hand paid. By the second deed dated September 18, 1931, and recorded March 29, 1932, T. R. Davis and his wife, for the same stated consideration, conveyed the same land to Nearvy Matney.

The bill of complaint further alleged that the creditor bank had no knowledge of the existence of the said deeds until a short time before the institution of the suit, and not until some months after Alex E. Matney had procured a discharge in bankruptcy, and the bankruptcy proceedings ended.

Alex E. Matney filed a plea of his discharge in bankruptcy, and alleged that by virtue thereof, he was released from the payment of all his "provable" debts, which existed prior to his bankruptcy, including the asserted lien of the judgment against his alleged real estate.

Alex E. Matney and Nearvy Matney also filed an answer, in which they denied all allegations of fraud, and again averred that the discharge in bankruptcy of Alex E. Matney was a bar to the proceeding.

The trial court, by its decree, struck out the plea of bankruptcy, but directed and adjudged that the striking out of such plea, should not be held, or construed to deprive Alex E. Matney "of any personal benefits of his discharge in bankruptcy, but is only meant and intended to decide and adjudicate that said plea of bankruptcy does not deprive the complainant of the lien of the judgment asserted by him against the land now owned by Nearvy Matney and proceeded against in this suit." The decree further directed that the cause be continued "to allow petition to be filed before the judge of the United States District Court for the Western District of Virginia, asking that the bankruptcy case of Alex E. Matney be reopened, and an order entered by the referee therein to file his petition, asking that he be allowed to become a party complainant in this suit."

By a stipulation filed in the record, it is shown that a petition was accordingly filed in the said United States District Court, and that on May 18, 1937, an order was entered therein by the referee in bankruptcy, refusing to reopen the bankruptcy case, or to appoint a new trustee, or authorize the former trustee to intervene in the cause pending in the State court.

The plaintiffs in error contend that the trial court should have sustained the plea that the discharge in bankruptcy relieved the bankrupt of all claims and demands, against him personally and against his estate, and that this suit should have been accordingly dismissed. They further contend that it is only through the trustee in bankruptcy that creditors can recover, and subject to the payment of their lien claims, property which a bankrupt may have fraudulently transferred prior to his bankruptcy.

It is admitted that the discharge released the bankrupt from personal liability for the debt. It seems to be well settled that a creditor of a bankrupt without a lien is

not entitled, where the trustee is not made a party to the suit, to maintain proceedings to set aside a fraudulent transfer of property made prior to the adjudication in bankruptcy. *Ruhl-Koblegard Company* v. *Gillespie et al.,* 61 W. Va. 584, 56 S. E. 898, 10 L. R. A. (N. S.) 305, 11 Ann. Cas. 929, editor's note and cases cited.

The receiver, on the other hand, contends that since the debt was reduced to a judgment, four months prior to the bankruptcy proceedings, and had become a lien on all of the real estate of or to which the judgment debtor was then possessed or entitled, its validity as a lien was not affected by bankruptcy. He further contends that he may enforce such lien either in the State or Federal courts against property fraudulently transferred by a bankrupt, and that his right of enforcement cannot be prejudiced by the failure or refusal of the trustee to take action either singly, as trustee, or jointly with him, as lien creditor, to set aside a fraudulent transfer, and subject the property to his lien.

 If it be established that the alleged judgment has been duly rendered and docketed, it is a lien both upon the real estate then held by the judgment debtor and also upon any real estate, which he may have conveyed in fraud of such judgment creditor, after the debt was contracted and before judgment was rendered. Virginia Code 1936, sections 5184 and 6470; *Tucker* v. *Foster,* 154 Va. 182, 152 S. E. 376, 69 A. L. R. 220; *Reilly* v. *Sabin, et al.* (1935), 65 App. D. C. 125, 81 F. (2d) 259.

 A discharge in bankruptcy operates to release the bankrupt and his after-acquired property from all of his provable debts, demands and claims, except those expressly exempted by section 17 of the Bankruptcy Act (Act of July 1, 1898, and amendments, 11 U. S. C. A., section 35). It thus bars debts, but does not bar the enforcement of liens against property. The ownership of property, the condition of its title, the liens thereon, and the extent of the interest therein, are not affected thereby. A discharge is purely personal to the bankrupt debtor. It neither pays nor extin-

guishes debts. It is a bar to enforcement against the bankrupt, but not a bar to enforcement against his property.

To the above effect, the courts, textbook writers, and the authorities are generally in complete accord. Remington on Bankruptcy, section 3443; 3 R. C. L. pages 320, 323; 8 C. J. Secundum, Bankruptcy, section 582, page 1567; 6 Am. Jur., pages 709-804, 805; *John Leslie Paper Company* v. *Wheeler*, 23 N. D. 477, 137 N. W. 412, 42 L. R. A., N. S., 292, 294; *Reilly* v. *Sabin et al., supra.*

"A discharge in bankruptcy does not affect a specific lien, but only releases the bankrupt from personal liability." *Newberry Shoe Company* v. *Collier*, 111 Va. 288, 68 S. E. 974, 975.

The right of a trustee to bring an action, or to join in an action brought by a lien creditor, to void a fraudulent transfer of the bankrupt's property, is not questioned. The trustee takes title to all the property which belongs to the bankrupt in his own right, subject to all valid liens against the same, and has the same right to bring an action to recover property belonging to the bankrupt as either the bankrupt, or a judgment lien creditor would have. (Bankruptcy Act, sections 47 and 70, 11 U. S. C. A., sections 75, 110.)

But is such right in the trustee exclusive, or may he waive or decline to exercise the right, and leave the judgment lien creditor alone to seek relief?

In general, the trustee represents not the bankrupt, but the general creditors of the estate as against the secured creditors. While, in a sense, it may be said that he represents all of the creditors, his peculiar interest is to recover and distribute the bankrupt's property to the best advantage of those who have no security for their claims. In a certain sense, he is not a trustee for a fully secured lien creditor. Black on Bankruptcy (4th Ed.) 1926, section 717; 8 C. J. Secundum, Bankruptcy, section 257, page 918.

The trustee is not required to accept and administer property which is onerous and unprofitable, or which may be burdened with a valid lien equal to or greater

than its value. He is not required to enter into doubtful and costly litigation, where the ultimate benefit to the estate might be very small, or none at all. He is often permitted to abandon burdensome property, where it appears that there is no substantial equity or surplus therein for the general creditors. In such cases, he may make an election, within a reasonable time, whether to claim the property or to take action to recover it. If he fails or refuses to take such action, it may be deemed that he elects to reject it. Black on Bankruptcy, *supra*, page 962; Gilbert's Collier on Bankruptcy (3 Ed.) 1934, page 1248.

██ If the trustee fails or refuses to take action to recover the property of the bankrupt, and the ownership and possession remain in the bankrupt, it is still subject to the existing liens thereon. There exist against the property the same liens as are attached thereon, if the property be taken over by the trustee. The lien creditor loses none of his rights as to the enforcement of his lien in either event.

In *Tucker* v. *Foster, supra,* where suit was brought prior to bankruptcy to subject lands of the bankrupt, alleged to have been fraudulently conveyed, to the lien of a judgment, it is said (152 S. E. page 379) :

"The appellants, by virtue of their several judgments, have liens on the land therein conveyed which attached more than four months prior to the adjudication of C. A. Foster a bankrupt, and are not within the bankrupt act (11 U. S. C. A.) ; and the right of appellants to maintain a suit to have the property in the hands of the fraudulent grantee subjected to the satisfaction of their judgment liens has not passed to or become vested in the trustee in bankruptcy.
* * * "

██ "The authorities seem to be unanimous in holding that, if the creditor has an execution or judgment lien upon the property of the bankrupt, which is valid under the bankruptcy law, he may maintain proceedings to set aside a fraudulent transfer of the property upon which he has such lien." Editor's note to *Ruhl-Koblegard Company* v. *Gillespie et al., supra.*

"The exclusive jurisdiction of the bankruptcy court over the allowance and rejection of claims does not preclude a creditor from bringing liquidation proceedings in a State court to enforce his security, or from suing in a federal equity court to enforce his lien; and the trustee in bankruptcy is not bound to intervene in such a proceeding unless he has reasonable ground for believing that a surplus will be realized." 8 C. J. Secundum, Bankruptcy, section 266, pages 958, 959.

"A discharge in bankruptcy leaves intact all liens, except those specially stricken down by the bankruptcy act. * * * 'The effect of a discharge is to release the personal liability only. It does not affect liens upon his property. If they are valid, under the laws of the State and the bankrupt act, they may be enforced after a discharge is granted. Thus a judgment which has become a valid lien upon the property will continue to be so; * * * ' " *John Leslie Paper Company* v. *Wheeler, supra* (page 413).

Here the trustee in bankruptcy failed to take action to recover the property alleged to have been fraudulently transferred. The Federal court refused to appoint a new trustee, or to direct any one to join in the action of the lien creditor. It is difficult to conceive of a more complete waiver of rights, under the circumstances. The property and any lien thereon were left where the bankruptcy court found them. It was still burdened with such liens as existed against it prior to the bankruptcy proceeding. 6 Am. Jur., page 727.

Nor should the wrong of a bankrupt in failing to disclose his property in bankruptcy proceedings, enable him to retain possession thereof and be released from the liens thereon. The object of the provisions of the bankruptcy law is to secure an equal distribution of the property of the bankrupt, of every kind, among his creditors, without disturbing liens duly and properly acquired. It is not intended that any of its provisions should operate to wipe out duly acquired liens, or to enable the bankrupt to preserve any part of his property free from such liens.

We do not find any reasonable construction of the Bankruptcy Act in conflict with these rules and principles.

Nor is the defendant in error estopped to proceed in this action by virtue of the final discharge in bankruptcy. The questions in issue here were not in issue in the bankruptcy proceedings, nor were all of the parties to this proceeding parties to that proceeding. The doctrine of *res adjudicata* does not apply.

It follows that the decree of the trial court must be affirmed. The case is remanded, therefore, to the trial court for such further proceedings therein as may be necessary to determine the rights of the respective parties, upon the remaining issues involved.

*Affirmed and remanded.*