# Richmond

WRIGHTLY D. DOCKERY v. ZOLA FLANARY AND ANOTHER.

December 1, 1952.

Record No. 4000.

Present, All the Justices.

The opinion states the case.

*L. P. Fraley* and *Mack Coleman,* for the appellant.

*E. H. Richmond,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The question to be decided on this appeal is whether two judgments for money rendered on instruments waiving the debtor's homestead exemption may, after his discharge in bankruptcy, be enforced against real estate set apart to him in the bankruptcy proceeding as exempt.

On June 30, 1949, Zola Flanary recovered against W. D. Dockery, the appellant, and his wife a judgment for $300 with interest and costs. On July 13, 1949, Markey Osborne recovered against W. D. Dockery a judgment for $225 with interest and costs. Both of these judgments, as noted therein, were on notes waiving the homestead exemption.

On September 16, 1949, within four months after the date of each judgment, Dockery filed his petition in bankruptcy and

was duly adjudged a bankrupt. In his petition he listed as creditors Zola Flanary, Markey Osborne's administratrix and Farmers Exchange Bank of Coeburn. On July 11, 1950, an order was entered by the referee setting aside to the bankrupt, "subject to any valid liens thereon or unpaid purchase money," certain real estate as exempt under the laws of Virginia "by reason of the homestead deed filed by him." August 15, 1950, Dockery received his discharge in bankruptcy.

Thereafter, on August 30, 1950, Zola Flanary and Markey Osborne's administratrix, appellees, filed their bill in equity to subject to the payment of their judgments the real estate that had been set aside to Dockery in the bankruptcy proceedings as his homestead exemption. Dockery filed his answer setting up his discharge in bankruptcy as a bar to the enforcement of the liens of the judgments. The case was referred to a commissioner, who reported the lands owned by Dockery, being the lands set apart to him in the bankruptcy proceeding and which Dockery testified aggregated about ten acres. The commissioner reported that the liens thereon consisted of a small amount of taxes, a deed of trust to secure Farmers Exchange Bank of Coeburn in the sum of $450, evidenced by a note waiving the homestead; and the two judgments in favor of Flanary and Osborne, and that so far as he was advised there were no other creditors. He also reported that the liens of the judgments and deed of trust were not annulled by the discharge in bankruptcy because as to each of them the benefit of the homestead exemption had been waived.

Dockery excepted to the report with respect to the two judgments, but the court overruled his exception and entered the decree appealed from holding that there was no personal liability on Dockery but that the said judgment liens were enforceable against the land and appointing a commissioner to sell it. The appellant assigns error to this holding and also to the failure of the court to provide a period for redemption in the decree of sale.

The first assignment, that the appellees have no enforceable lien, is based on the fact that the two judgments were obtained within four months before appellant filed his petition in bankruptcy and the claim that the appellant was insolvent at the times the judgments were rendered.

Section 67-f of the Bankruptcy Act as amended, 11 U.S.C.A.

§ 107 a (1) provides: "Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy * * * shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent * * *."

Section 34-22 of the Virginia Code of 1950 provides for a waiver by the debtor of the homestead exemption which he is entitled to claim under section 34-4, and in sections 34-23 ff. are provisions with respect to the enforcement of claims paramount to the exemption.

Not all liens obtained against a person who is afterwards and within four months adjudged bankrupt are null and void. It must appear that the person whose property is subject to the lien was insolvent at the time of the creation of the lien. The burden of proving such insolvency is upon him who asserts it, and no presumption of insolvency arises from the adjudication in bankruptcy. *Jackson* v. *Valley Tie, etc., Co.,* 108 Va. 714, 718-19, 62 S. E. 964, 965.

In *Newberry Shoe Co.* v. *Collier,* 111 Va. 288, 290-91, 68 S. E. 974, 975-76, it was said: "A discharge in bankruptcy does not necessarily affect a specific lien, but only releases the bankrupt from personal liability. A lien on property of the bankrupt, acquired within four months of the time he was adjudged a bankrupt, is void, provided the bankrupt was insolvent at the time the lien was obtained. * * *

"When a bankrupt dedicates property as a homestead, all the bankrupt court can do is to set it aside to him. A creditor desiring to subject such property to the payment of a debt paramount to the homestead, must pursue his remedy in the State court. *Lockwood* v. *Exchange Bank,* 190 U. S. 294, 23 S. Ct. 751, 47 L. ed. 1061."

Both the above cases were cited in *Liberty Nat. Bank* v. *Bear,* 265 U. S. 365, 370, 44 S. Ct. 499, 501, 68 L. ed. 1057, as authority for the holding in that case that "an adjudication in bankruptcy in no way determines whether or not the debtor was insolvent at the time a lien was obtained through legal proceedings against him; there being no presumption arising from the adjudication that he was insolvent for any period before the petition in bankruptcy was filed." See also, *Barker-Bond*

*Lbr. Co.* v. *Whaley,* 117 Va. 642, 86 S. E. 160; *Canada* v. *Beasley & Bros.,* 132 Va. 166, 111 S. E. 251.

The only evidence offered as to Dockery's insolvency was his testimony that he owned about ten acres of land, which he guessed was worth about $1,500 and which had actually cost him $1,725, and that that was all the property he owned. It was then stated to him that the bill of complaint "alleges that you are indebted to the lot of people therein named," in the amount of $3,000, "is that correct?" He answered, "That is right," and said also that that indebtedness existed at the dates of the two judgments, and that all the real and personal property he owned was not sufficient to pay off "said indebtedness."

The debts alleged in the bill of complaint were the two judgments in favor of the appellees, a judgment in favor of Virginia Wholesale Company for $329.27 and a note to Laura Rhoton McConnell for $2,000. However, in his answer Dockery stated that the allegation as to the McConnell debt was not true and that the Virginia Wholesale Company judgment had been paid off. The commissioner reported, as stated, that the only debts owed by Dockery were the two judgments of the appellees and the deed of trust to Farmers Exchange Bank of Coeburn for $450. As to the last-named debt, Dockery testified that it had been renewed and the bank had no debt against him payable at the time he testified. Even if that debt be included it would not be enough, either with or without the amount of the two judgments, to show that Dockery was insolvent when the judgments were obtained, and the amount of the two judgments cannot be counted in determining whether Dockery was insolvent at the dates of those judgments. *Jackson* v. *Valley Tie, etc., Co., supra,* 108 Va. at p. 718, 62 S. E. at p. 965.

But if it were otherwise and the evidence established that Dockery was insolvent when the two judgments were obtained, that fact would not prevent the enforcement against his homestead land of the two judgments as to which he had waived the homestead exemption.

In *Fischer* v. *Pauline Oil, etc., Co.,* 309 U. S. 294, 301, 60 S. Ct. 535, 538-39, 84 L. ed. 764, it was held, in accord with the holding of a number of State courts, that the section of the bankruptcy act above quoted "is intended for the benefit of creditors of the bankrupt and, therefore, does not avoid liens as against all the world but only as against the trustee and those

claiming under him. It is settled, however, that not only may the trustee avoid the lien * * *, but that the bankrupt may assert its invalidity as respects property set apart to him as exempt in the bankruptcy proceeding. *Chicago, etc., R. Co.* v. *Hall,* 229 U. S. 511, 33 S. Ct. 885, 57 L. ed. 1306.''

However, in the last-named case, *Chicago, etc., R. Co.* v. *Hall,* it was made clear that the right of the bankrupt to avoid the lien does not apply as against a lien waiving the homestead exemption. That case holds in reference to 11 U.S.C.A., § 107 a (1), above quoted:

''The liens rendered void by 67f are those obtained by legal proceedings within four months. The section does not, however, defeat rights in the exempt property acquired by contract or by waiver of the exemption. These may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed, under the principle declared in *Lockwood* v. *Exchange Bank,* 190 U. S. 294, 23 S. Ct. 751, 47 L. ed. 1061.'' 33 S. Ct. at p. 887.

In *Rosenthal* v. *Langley,* 180 Ga. 253, 179 S. E. 383, 100 A.L.R. 45, 53, (appeal dismissed and *certiorari* denied, 295 U. S. 720, 55 S. Ct. 916, 79 L. ed. 1674), it was held in a situation similar to the one here that ''A discharge in bankruptcy does not discharge the lien of a judgment obtained within four months prior to the adjudication of bankruptcy, upon a note waiving the homestead exemption allowed by the laws of this state upon lands set aside by the bankrupt court as exempt.'' See also, *Matney* v. *Combs,* 171 Va. 244, 250-51, 198 S. E. 469, 472.

There was no error in the holding that the appellant's land was subject to the liens of the judgments of the appellees. However, the decree should have given the debtor a reasonable time before sale to redeem by payment of the amounts due. 11 M. J., Judicial Sales and Rentings, § 26, p. 327. The decree is to be amended in this respect and as amended is affirmed. The cause will be remanded with direction to enter a proper decree providing a reasonable period for redemption.

*Amended and affirmed.*