S. W. Rawls, Inc.

v.

J. R. Forrest, III, Et Al.

October 15, 1982.

Record No. 801204.

Present: Carrico, C.J., Cochran, Poff, Thompson, Stephenson, and Russell, JJ.

*G. Daniel Forbes* for appellant.
No brief or argument for appellees.

COCHRAN, J., delivered the opinion of the Court.

In this creditors' suit the trial court appointed a receiver for J. R. Forrest, III, and Virginia B. Forrest, his wife, to liquidate their assets, and pay claims as authorized by the court. S. W. Rawls, Inc. (Rawls), contended its claim was entitled to priority over the claims of general creditors because it was secured by a lien of attachment perfected before appointment of the receiver. The commissioner in chancery to whom the matter was referred reported that Rawls was not entitled to priority; the trial court, overruling Rawls's exceptions, approved the commissioner's report. We agree with Rawls that the court erred in denying priority to this claim.

The facts are undisputed. On March 14, 1979, Rawls filed a motion for judgment against Forrest in the general district court. The same day counsel for Rawls, G. Daniel Forbes, was informed that Richard E. Railey, a creditor as well as attorney for other creditors of the Forrests, was "trying to set up a receivership." Confirming this information in a telephone conversation with Railey, Forbes authorized Railey, subject to approval by Rawls, to include Rawls as a complainant in the creditors' bill that Railey was preparing.

Aware that attachments had been filed against Forrest and that a public sale of his assets had been advertised for March 16, Forbes recommended that Rawls authorize him to file an attachment and also join in the bill for appointment of a receiver. According to Forbes's testimony, his recommendation was prompted by his belief that "a race to the courthouse was on" and his doubt whether the court would appoint Railey, a principal creditor, as receiver. He said his main objective, however, was to stop the sale scheduled for March 16. Rawls approved the proposed course of action.

Forbes filed the Rawls petition for attachment at 1:00 p.m. on March 15. He testified he had not formally agreed at that time to join in the bill of complaint for appointment of a receiver, although he had informed Railey he would recommend that Rawls authorize him to do so. About 2:30 or 3:00 p.m., Forbes went to Railey's office, discussed the receivership, and helped Railey proofread some of the suit papers. At 6:00 p.m., the papers were

signed on behalf of the complainants named therein, who sued for themselves and all other creditors; Forbes signed as counsel for Rawls. The bill of complaint sought the immediate appointment of a receiver pursuant to the emergency provisions of Code § 8.01-592. About 8:30 p.m., Forbes was advised, the court appointed Railey receiver. In the meantime, at 6:10 p.m., as shown on his return, a deputy sheriff had levied the Rawls attachment on Forrest's real and personal property.

The commissioner in chancery reported to the trial court that when the Rawls attachment was filed Rawls "was aware of and had informally agreed" to join in the bill of complaint for appointment of a receiver. Although finding "no fault or ulterior motive in filing the attachment while joining in the receiver appointment," the commissioner reported that Rawls would be given "an inequitable preference" if its claim were accorded priority. Accordingly, the commissioner recommended, and the court subsequently ruled, that Rawls be treated as a general creditor. As reported by the commissioner, the Rawls claim was $3,703.57; the amount remains unchallenged.

The lien of an attachment is perfected by the levy of the officer. Code § 8.01-557; *see Jackson* v. *Valley Tie Co.*, 108 Va. 714, 720-22, 62 S.E. 964, 966-67 (1908). Appointment of a receiver does not affect vested rights or the order of priority of existing liens. *Peoples Nat'l Bank* v. *Va. Textile Co.*, 104 Va. 34, 37, 51 S.E. 155, 156 (1905); *see* 3 *Clark on Receivers* § 667.4 (3d ed. 1959).

Applying these rules, the commissioner in chancery approved the priority of claims of two complainants whose attachments were levied on March 9 and March 14, respectively. The only feature distinguishing the status of these attaching creditors from that of Rawls is that Rawls had prior knowledge that the appointment of a receiver would be sought and agreed informally to become a complainant in the proposed proceeding. This distinction alone is insufficient to invalidate the priority of the Rawls lien.

Under Virginia law,* preferential transfers for full value to bona fide creditors by an insolvent debtor are not invalid absent fraud. *Bank of Commerce* v. *Rosemary and Thyme*, 218 Va. 781,

---

* We are not here concerned with federal bankruptcy law, which defines a preference, with some exceptions, as a "transfer of property of the debtor . . . to or for the benefit of a creditor; for or on account of an antecedent debt . . .; made while the debtor was insol-

784, 239 S.E.2d 909, 912 (1978). *See* Code § 55-80. It follows, as a corollary, that successful efforts by such creditors to receive preferential treatment from an insolvent debtor will not be invalidated unless fraud is established. There is no suggestion, however, that Forrest had any part in the perfection of Rawls's lien or that Rawls attempted to obtain from him any preferential treatment. Since in Virginia a creditor may lawfully receive preferential treatment with the non-fraudulent cooperation of his debtor, we see no reason to refuse priority to a creditor like Rawls who perfects his lien entirely independently of the debtor and without fraud. A creditor who acts without the assistance of his debtor should not be held to a more stringent standard than a creditor who is intentionally preferred. We hold, therefore, that absent fraud a bona fide creditor may obtain a valid priority by perfecting his lien at any time until the appointment of a receiver.

There is no evidence that Rawls attempted to prevent other creditors from obtaining liens before appointment of the receiver, or that Rawls committed any other fraudulent act. Counsel for Rawls, perceiving a creditors' race for liens and fearing a possible delay in the appointment of a receiver, was under a continuing duty to represent his client zealously within the constraints of the law and the ethical standards of professional conduct. *See Virginia Code of Professional Responsibility* DR 7-101, 216 Va. 1117-18 (1976). He recommended a two-pronged course of action and, with the client's authorization, pursued each course with diligence to protect the claim entrusted to him. Although the race, whether to the courthouse or elsewhere, is not always to the swift, in this instance the deputy sheriff's levy perfected Rawls's lien some two hours before the receiver was appointed. Consistent with the commissioner's finding that Rawls was free from fault or bad faith, we hold that the priority of its lien is valid.

We will reverse the judgment of the trial court and remand the case for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

---

vent" within certain prescribed time periods prior to the filing of the petition for bankruptcy. 11 U.S.C. § 547(b) (Supp. III 1979).